IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARCUS PRICE,**  CASE NO. 2:07-cv-304

    **Petitioner,** JUDGE GRAHAM
  MAGISTRATE JUDGE KING
v.

**JEFFREY WOLFE, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## FACTS AND PROCEDURAL HISTORY

Petitioner was indicted by the September 2002 term of the Franklin County grand jury on two counts of felonious assault, in violation of O.R.C. §2903.11, and two counts of possession of cocaine, in violation of O.R.C. §2925.11, with firearm specifications. *Exhibit 1 to Return of Writ.* In an entry filed on June 15, 2004, and while represented by counsel, petitioner pleaded guilty to two counts of felonious assault. *Exhibit 8 to Return of Writ.* The trial court sentenced him, pursuant to the joint recommendation of the parties, to an aggregate term of eight years incarceration. *Exhibit 9 to Return of Writ.* Petitioner did not

file a timely appeal; however, on April 14, 2006, he filed a motion for delayed appeal. On July 13, 2006, the appellate court denied his motion for delayed appeal. *Exhibit 13 to Return of Writ.* Petitioner did not file a timely appeal from that judgment to the Ohio Supreme Court. Instead, on October 13, 2006, he filed a motion for delayed appeal with the Ohio Supreme Court. *Exhibit 14 to Return of Writ.* On November 29, 2006, the Ohio Supreme Court denied petitioner's motion and dismissed the appeal. *Exhibit 16 to Return of Writ.*

On April 10, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

>1. Sentence contrary to law and Constitution.
>
>My sentence is a *Blakely* violation as well as contrary to law and Constitution. I am also entitled to the minimum sentence.
>
>2. Ineffective counsel.
>
>For failure to raise reversible error at and prior to sentence pursuant to *Blakely, Comer, Foster*, and the minimum and equal protection rights of sentence. And failure to file an appeal as of right.
>
>3. Denied access to the court and denied right to appeal.
>
>I was denied my filing right to an appeal and then denied access to the court under delayed appeal which denied me access to the courts.
>
>4. Equal protection rights denied.
>
>I was denied the equal protection of my sentencing rights as upheld in this federal and U.S. Court. Also to be equally protected and issued the minimum proper sentence authorized

2

by law and court holdings in *Blakely*, etc.

It is the position of the respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).  Alternatively, respondent contends that petitioner's claims are procedurally defaulted or not cognizable in federal habeas corpus review.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of §2244(d)(1)(A), petitioner's conviction became final on July 15, 2004, thirty days after the judgment entry of sentencing, when the time in which to file a timely appeal expired. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio Appellate Rule 4(A). The statute of limitations for filing a habeas corpus petition therefore expired one year later, on July 15, 2005. Petitioner waited until April 2, 2007, however, to execute this habeas corpus petition. His April 14, 2006, motion for delayed appeal did not toll or otherwise affect the running of the statute of limitations, because the statute of limitations had already expired prior to the date petitioner filed that motion. "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue here. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). Thus, this action is time-barred.

The Court notes that, in claim three, petitioner asserts that he was denied his right to appeal because the Ohio Court of Appeals improperly denied his motion for delayed

4

appeal.  In *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that, where a defendant is not advised of and does not know about his right to appeal, the statute of limitations may not begin to run on a claim that the state appellate court improperly denied a motion for delayed appeal until the date on which the state appellate court denied the motion for delayed appeal. *DiCenzi v. Rose,* 452 F.3d at 469.  Additionally, claims that relate to events that occurred at the time of sentencing may also be timely under 28 U.S.C. § 2244(d)(1)(D) if the petitioner acted in a reasonably diligent manner in discovering his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence. *Wims,* 225 F.3d at 190.
>
> * * *
>
> ... [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing]. *Wims,* 225 F.3d at 190-91 (citing *Easterwood v. Champion,* 213 F.3d 1321, 1323 (10th Cir. 2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id.,* at 470-471. "[P]etitioner bears the burden of proving that he exercised due diligence, in

order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id*., at 471, citing *Lott v. Coyle,* 261 F.3d 594, 605-06 (6th Cir. 2001).

However, as the Ohio Tenth District Court of Appeals noted in rejecting petitioner's motion for delayed appeal, petitioner signed a guilty plea form indicating that he understood both his right to appeal and that he must file the appeal within "thirty days of the filing of my judgment of conviction." *See Exhibit 8 to Return of Writ.* Moreover, as grounds for his untimely appeal, petitioner stated that his attorney told him that his appeal rights "were unfavorable" and thereafter failed to respond to petitioner's letters. *Motion for Delayed Appeal, Exhibit 10 to Return of Writ.* Additionally, petitioner indicated that he had waited to pursue the motion for delayed appeal until such time as the Ohio Supreme Court issued a decision in *State v. Foster*, 109 Ohio St.3d 1 (2006)(striking provisions of Ohio's sentencing statutes as unconstitutional under *Blakely*). *See id.* In view of the foregoing, petitioner's allegation that he did not know about his right to appeal is not worthy of credit. Neither *DiCenzi v. Rose, supra,* nor 28 U.S.C. § 2244(d)(1)(D) render this action timely. *See Jackson v. Sheets,* 2006 WL 3759700 (S.D.Ohio August 8, 2006), citing *Johnson v. United States,* 544 U.S. 295 (2005)(distinguishing *DiCenzi v. Rose*); *Hale v. Warden, London Correctional Institution,* 2006 WL 3230856 (S.D.Ohio November 6, 2006) (same).

The Ohio Court of Appeals likewise concluded that petitioner's allegation that he was unaware of his right to appeal was "disingenuous." *See Exhibit 13 to Return of Writ.*

6

> Defendant appellant, Marcus Price, seeks leave to file a delayed appeal from a June 15, 2004 judgment, whereby the Franklin County Court of Common Pleas convicted appellant, pursuant to a guilty plea, on two counts of felonious assault.
> \*\*\*
>
> Appellant filed his motion for delayed appeal on April 14, 2006. Appellant first claims that he was not aware that he had a right to appeal his sentence. However, we find appellant's claim to be disingenuous because he signed a guilty plea form indicating: "I understand that I can appeal \*\*\* my plea and sentence within thirty days of the filing of my judgment of conviction."
>
> Appellant also claims that he could not appeal his sentence because he was waiting for the Ohio Supreme Court to decide the constitutionality of Ohio's felony sentencing statutes in *State v. Foster*, 109 Ohio St.3d 1.... However, a pro se defendant is obligated to take "affirmative steps" to protect his or her appellate rights.... Thus, appellant had no cause to perpetuate any further delay in pursuing his appellate rights by waiting for the outcome of *Foster*.
>
> Accordingly we conclude that appellant has failed to demonstrate that he is entitled to App.R. 5(A) leave to file a delayed appeal. As such, we deny appellant's motion for leave to file a delayed appeal.

*Exhibit 13 to Return of Writ.*

The limitations provision set forth in 28 U.S.C. § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating that his counsel on appeal was ineffective in perfecting or pursuing an appeal and such ineffectiveness actually prevented petitioner from filing a timely habeas petition. For example, the court in *Waldron v. Jackson,* 348 F.Supp.2d 877 (N.D.Ohio 2004), concluded that the statute of limitations did

7

not begin to run under 28 U.S.C. § 2244(d)(1)(B) where counsel failed to perfect a timely appeal after having been requested to do so. *See also Merriweather v. Brunsman,* 2006 WL 1698825 (S.D. Ohio June 20, 2006); *Woods v. Jackson,* 2006 WL 746293 (S.D.Ohio March 22, 2006); *Dean v. Pitcher,* 2002 WL 31875460 (E.D.Mich. Nov. 7, 2002); *Collier v. Dretke,* 2004 WL 1585903, (N.D.Tex. July 13, 2004) (unpublished *Report and Recommendation), adopted*, 2004 WL 1944030 (N.D.Tex. Aug. 31, 2004); *Felton v. Cockrell,* No. 3:03-CV-0764-L, 2003 WL 21946862 (N.D.Tex. Aug. 13, 2003). *But cf. Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D.Mass. 2001) (rejecting argument that the petitioner's court appointed attorney was a "state actor" under § 2244(d)(1)(B)); *Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. May 28, 2003) (no causal connection between attorney's ineffectiveness in filing appeal and petitioner's ability to file federal habeas corpus petition where defendant waited ten years after last communicating with his attorney to file his motion for delayed appeal.)[1]

However, the record in this case does not suggest that defense counsel performed in a constitutionally unreasonable manner. Petitioner does not allege, nor does the record reflect, that counsel failed to file an appeal after having been requested to do so. *See Waldron v. Jackson, supra,* 348 F.Supp.2d at 883, citing *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000); *White v. Schotten,* 201 F.3d 743, 752 (6th Cir. 2000); *Ludwig v. U.S.,* 162 F.3d 456, 459

---

[1] The court in *Waldron* noted that its decision appeared to conflict with the Sixth Circuit's unpublished decision in *Winkfield v. Bagley, supra. Waldron v. Jackson, supra,* 348 F.Supp.2d at 885-86 n. 4.

(6th Cir. 1998). The record in this case does not present a basis for extending the one-year statute of limitations established by 28 U.S.C. §2244(d).

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

<u>March 25, 2008</u>                                          <u>  s/Norah McCann King  </u>
                                                              Norah McCann King
                                                              United States Magistrate Judge